STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Scarborough Conditional Use Application | } | Docket No. 206-9-07 Vtec |
| | } | |

Decision and Order

Appellant-Applicant Roger Scarborough (Applicant Scarborough) appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Leicester denying a conditional use application for a dirt-surface go-cart race track on his residential property. Appellant-Applicant has appeared and represents himself; Interested Persons Bonnie and Charles Johnson (the Johnsons) are represented by Karl W. Neuse, Esq.; Interested Person Barbara G. Bridgmon is represented by Michael S. Winters, Esq.; and the Town is represented by James F. Carroll, Esq.

The decision on summary judgment in the present case determined, among other things, that the operation of the track in 2006–07 violated the performance standard for noise. The decision left the following issues open for trial: whether the proposal falls within the permitted use category of an accessory use to a residential property; whether the proposal falls within the conditional use category of "outdoor recreation," as an "other similar place" of outdoor recreation; and, if the proposal falls within an allowable use category in the district, whether the proposal is capable of meeting the performance standard for noise if appropriate conditions or safeguards were to be imposed.

An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. A site visit was taken approximately a month after the hearing with the parties and their representatives. It was scheduled to include a demonstration of the operation of go-carts on the track; however, muddy conditions on the track on the

1

scheduled date precluded that operation, so that the site visit was held without the demonstration. The parties were given the opportunity to submit written memoranda and requests for findings. Upon consideration of the evidence as illustrated by the site visit, and of the written memoranda and requests for findings filed by the parties, the Court finds and concludes as follows.

Applicant Scarborough owns a house and a long rectangular lot of land located at 1551 Leicester-Whiting Road in the Residential Agricultural zoning district of the Town of Leicester. The Leicester-Whiting Road is an east-west road with a short north-south segment on which both the Johnson and Scarborough properties are located. The Scarborough property is a corner lot, having two front yards[1], as the Leicester-Whiting Road takes a sharp bend to the west at the Scarborough property. The Johnsons' residential property is located adjacent to the long north side line of the Scarborough property. Barbara Bridgmon owns residential property across the road, to the south of the Scarborough property.

The houses on both the Scarborough and Johnson properties are located on higher ground at the elevation of the road before it takes the bend, so that each property's back yard slopes sharply down near the rear of the house to a lower elevation, and is fairly flat as it extends towards the rear of each property. There are no trees or other vegetation along the Scarborough-Johnson property line. Because of this slope, activity at the location of the go-cart track on the Scarborough property is audible and visible from the house and rear deck locations on the Johnson property, even

---

[1] Zoning Bylaws, § 618: "Yards on Corner Lots." However, although the interested parties also argued that the go-cart track at issue in this case violates the front setback requirements of § 250(C), the definition of front yard setback in § 190 reveals that setbacks are only measured to a building, not to land development.

2

though a fence[2] has been installed along the Scarborough-Johnson side lot line. Activity at the location of the go-cart track on the Scarborough property is also audible and visible from the Bridgmon property.

In the summer of 2006 Applicant Scarborough had fill material brought to the property and had heavy equipment grade the material to create a dirt-surface race track for motorized go-carts. The outside edge of the track is located 73 feet from the Scarborough-Johnson property line and 26 feet from the edge of the road. The track is an approximately 104' x 250' oval with about a ten-to-twelve-foot width measured in from the outside edge, on which the go-carts run. After the track was completed, it was used for riding and racing go-carts in August and September of 2006 and in June, July, August and October of 2007, on a total of at least twenty-six days, as well as a single time in June or July of 2008, prior to the date of trial.

The Zoning Administrator at the time (the former Zoning Administrator) had issued a letter to Applicant Scarborough on July 19, 2007, determining that the site work and construction of the track constituted land development as that term is defined in the Zoning Bylaws, requiring a zoning permit. The former Zoning Administrator stated in the letter that she herself would have classified the personal motorized-recreation use of a go-cart track as a residential accessory use, and would have then proceeded to determine whether its use violated the noise or dust performance standards in the Zoning Bylaws. § 641. However, based on her reading of an Environmental Court decision[3] construing an unrelated other town's zoning ordinance in an enforcement context, she required Applicant Scarborough to apply to the ZBA for conditional use approval of the construction and operation of the track as an outdoor recreation use,

---

[2]  Under the definition of the term "fence" in § 190, a fence greater than six feet in height requires a permit.

[3]  In re Appeal of Nixon, No. 21-2-05 Vtec (Vt. Envtl. Ct. May 12, 2006) (Durkin, J.) (involving an appeal from a Notice of Violation for constructing a motocross racing track without a permit).

which is a conditional use in the Residential-Agricultural district. The former Zoning Administrator's letter noted that the ZBA could decide to allow the track, could set conditions regarding noise, dust, and hours of operation, or could interpret the Zoning Bylaws differently from this Court's interpretation of the Town of Fairfax ordinance in Nixon. No party appealed the former Zoning Administrator's determination to the ZBA, and it became final.

In the present appeal, Applicant Scarborough applied to the ZBA for conditional use approval, and appealed the ZBA's denial, which stated as the sole reason for denial the proposal's failure to meet the performance standard for noise. Applicant also continues to assert that the proposal does not require conditional use approval but should instead be classified as an accessory use to his residential use of the property, as well as to assert that it can be operated so as not to violate the performance standard for noise.

Up to six go-carts have been in use on the track at one time, with as many as eleven spectators at one time. Only the residents of the Scarborough household and their relatives and friends use the go-cart track; it is not run as a commercial operation or with invited spectators other than family and friends. However, because it is visible from the side of the road, passers-by frequently stop their vehicles on the side of the road to watch the racing, until Applicant Scarborough asks them to leave.

Summary judgment was already granted in favor of the Johnsons that the past operation of the track in 2006–07 did violate the performance standard for noise. The nature of the noise created when the track is in use for two to three hours in each session, with five or six go-carts using it at a time, on many weekends between June and October, is a substantial repeated disturbance to the neighbors. The noise level and sound frequencies produced by five or six go-carts operating continuously in racing mode for several hours at a time was sufficiently annoying to the neighbors to prevent them from using the outdoor space on their own properties while the track was in

4

operation at that level of intensity, thus adversely affecting the reasonable use of the surrounding area or adjoining properties. Even though lawnmowers are customary in the neighborhood on summer weekends, the sound of five or six go-carts racing together for two or three hours at a time nearly every weekend is much more objectionable than single lawnmowers widely spaced on separate residential properties, and with their engines operating under normal load rather than being pushed to capacity.

Since the 2007 summer season, Applicant Scarborough has taken a number of steps, in an effort to make the operation of the track less obtrusive to his neighbors. He applies water to the track before each use, to keep the dust down. He installed a long fence along the boundary of his property with the Johnson property; however, that height of fence is insufficient to effectively screen the use from visibility[4] or audibility from the Johnson property. He has installed the highest quality mufflers available, and has directed the exhaust pipes downwards, to minimize the noise from the go-carts when in use.

Applicant Scarborough intends the go-cart track to allow his son and nephews and their friends to have an enjoyable activity at which they are occupied and supervised, and at which there is no drinking or smoking. At trial he expressed his willingness to restrict its future use to one day a weekend, but still for two to three hours at a time, and to refrain from its use on any particular day if the neighbors notify him that they are having an incompatible event.

No other go-cart tracks or similar motorized recreation tracks for summer use are located on residential properties in the Town of Leicester or in neighboring towns.

---

[4] While the Johnsons also have concerns about the visibility of the yellow color of their side of the fence, the permit denial on appeal in the present case was only based on the performance standard for noise, and no cross-appeal was filed. If the application falls within an allowed use category for the district, all that is before the Court on the merits of the application is the performance standard for noise.

People do run snow machines (snowmobiles) on residential properties during the winter season.

Conditional Use

Appellant is correct that that the go-cart track use does not fall within a conditional use category and does not require conditional use approval. It does not fall within the conditional use category of "outdoor recreation," as it is not listed as a use within that category and is not similar to any of the listed uses in that category. All of the listed uses in the conditional use category of "outdoor recreation" are either commercial or community facilities for the use of more than a single household, or are the quiet, non-motorized activities of "swimming pool" and "tennis court." § 190, "Recreation, Outdoor."

Accessory Use

However, Applicant Scarborough also did not show that a go-cart track falls within the use category of an accessory use to the residential use of the property. To qualify as an accessory use, the go-cart track must be "customarily incidental and subordinate to" the residential use of the property. § 190, "Accessory Use . . . ." If an activity is an accessory use to a permitted residential use, it requires only a zoning permit from the Zoning Administrator, rather than a conditional use permit. § 310. Regardless of which type of permit or approval is required for an activity, all activities must also meet the performance standards in § 641.

The evidence presented by Applicant Scarborough himself, as well as by the other parties, showed that there were no go-cart tracks, and no other similar motorized

outdoor tracks for summer use,[5] on residential properties in the Town of Leicester or in the neighboring area. The proposal therefore does not qualify as an accessory use to a residential use, because it was not shown to be "customary" in association with the residential use of property in the Leicester area.

The level of use in 2006 and 2007 also was not "subordinate" to the residential use of the property. Rather, the evidence showed that the intensity of use in 2006 and 2007 overwhelmed the residential use of the Scarborough and neighboring properties during the activity. If the use had been shown to be "customarily incidental" to the property's residential use, it would have been appropriate to remand the application to the Zoning Administrator for a determination of whether some reduced level of intensity, occurrence or duration could have qualified as "subordinate" to the residential use of the property, and to rule on whether to issue a zoning permit for the use in relation to the § 641 performance standard for noise. However, the go-cart track use is not "customarily incidental" to the residential use of properties in the Leicester area, concluding the issue of whether the proposal can qualify as an accessory use.

Performance Standard for Noise

All uses, regardless of whether they are conditional uses or permitted uses, must meet the performance standards in § 641 of the Zoning Bylaws. The burden of proof that the standards are met is placed on the applicant by the terms of § 641. Section 641

---

[5] While there was some evidence of the winter use of snowmobiles on residential properties in the area, even if snowmobile use on residential properties is customarily incidental and subordinate to the residential use of those properties, snowmobile use of properties is not comparable to a go-cart track, because the residential use of residential properties in the winter in Vermont is conducted indoors with the windows closed. That is, the outdoor use of motorized recreational vehicles on residential properties in the winter may be incidental and subordinate to the residential use, simply because the residential use is not conducted outside in the garden, in the back yard, or on the deck in the winter.

in general prohibits property from being used "so as to create dangerous, injurious, noxious or otherwise objectionable conditions in such a manner or in such amount as to adversely affect the reasonable use of the surrounding area or adjoining properties." Specifically as to noise, § 641(1) requires that:

> Noise volume shall be limited to levels that will not be a nuisance to adjacent uses. Noise levels or frequencies which are not customary in the district or neighborhood or which represent a substantial repeated disturbance to others shall be presumed to constitute a nuisance.

Because the use as proposed does not qualify for approval either as accessory to the residential use of the property, or as a conditional use, the question of whether a much-reduced level of occurrence or duration could reduce the noise from this activity to a level that would comply with the § 641 performance standard for noise has become moot in the present appeal.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant-Applicant Scarborough's go-cart track use is not an allowed use in the Residential-Agricultural district, as it does not fall within a conditional use category, and also does not qualify as an accessory use to the property's residential use. This decision concludes this appeal.

Done at Berlin, Vermont, this 12ᵗʰ day of March, 2009.

_____
Merideth Wright
Environmental Judge